**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:_____

**LEEZA FITZGERALD,**
     Plaintiff,

vs.

**PERFORMANT RECOVERY, INC.; and DOES 1 through 10, inclusive,**
     Defendant.

---

**PLAINTIFF'S COMPLAINTAND DEMAND FOR JURY TRIAL**

**(UNLAWFUL DEBT COLLECTION PRACTICES)**

---

## *I.     INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Leeza Fitzgerald, an individual consumer, against Defendant, Performant Recovery, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## II.   JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III.   PARTIES

3.  Plaintiff, Leeza Fitzgerald, is a natural person with a permanent residence in Erie, Weld County, Colorado 80516.

4.  Upon information and belief, the Defendant, Performant Recovery, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5.  Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   FACTUAL ALLEGATIONS

6.  The debt that Defendant is attempting to collect on is an alleged

obligation of a consumer to pay money arising out of a transaction in

which the money, property, insurance or services which are the subject of

the transaction are primarily for personal, family, or household purposes,

whether or not such obligation has been reduced to judgment.

7.  Within one (1) year preceding the date of this Complaint, Defendant, in

connection with the collection of the alleged debt, contact Plaintiff and

threatened to take legal action against Plaintiff.

8.  Defendant has no standing to commence legal proceedings on behalf of

the creditor.

9.  Defendant is a debt collection company and as a debt collection company

attempting to collect an alleged debt, Defendant can only refer the matter

back to the creditor with a recommendation that the original creditor

attempt legal proceedings.

10. The representations made to Plaintiff by Defendant regarding legal

proceedings were false.

11. Within one (1) year preceding the date of this Complaint, Defendant, in

connection with the collection of the alleged debt, failed to send the

required written communication to Plaintiff within the required time period.

12. Within one (1) year preceding the date of this Complaint and during the first thirty (30) days of communicating with Plaintiff, Defendant, in connection with the collection of the alleged debt, demanded payment on the alleged debt without also informing Plaintiff that Plaintiff could dispute the validity of the alleged debt and thereby overshadowed the Plaintiff's right to dispute the validity of the debt.

13. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

14. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

15. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

16. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## V.    CLAIM FOR RELIEF

17. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

18. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (c) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

    (d) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection of the alleged debt; and

(e) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(f) Defendant violated *§1692g(a)(1)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication a written communication that included the amount of the alleged debt that the Defendant is attempting to collect; and

(g) Defendant violated *§1692g(a)(2)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication a written communication that included the name of the creditor to whom the alleged debt is owed; and

(h) Defendant violated *§1692g(a)(3)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication a written communication that included a statement that unless the Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendant; and

(i) Defendant violated *§1692g(a)(4)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication

a written communication that included a statement that if the Plaintiff notifies the Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendant will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by the Defendant; and

(j) Defendant violated *§1692g(a)(5)* of the FDCPA by failing to notify the Plaintiff within five days of the initial communication a written communication that included a statement that, upon the Plaintiff's written request within the thirty-day period, the Defendant will provide the Plaintiff with the name and address of the original creditor, if different from the current creditor; and

(k) Defendant violated *§1692g(b)* of the FDCPA by overshadowing or being inconsistent with the disclosure of the consumer's rights to dispute the debt or request the name and address of the original creditor.

19. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Leeza Fitzgerald, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Performant Recovery, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

///

///

## I.  DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Leeza Fitzgerald, demands trial by jury in this

action.

DATED: November 15, 2012

> RESPECTFULLY SUBMITTED,
> By: /s/G. Thomas Martin, III
> G. Thomas Martin, III, Esq.
> Price Law Group, APC
> 15760 Ventura Boulevard
> Suite 1100
> Encino, CA 91436
> Direct Line:  (818) 907-2030
> Direct Fax:   (818) 205-2730
> Email:  tom@plglawfirm.com
> *Attorney for Plaintiff,*
> *Leeza Fitzgerald*